IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED THERAPEUTICS
CORPORATION,

                *Plaintiff*,

   v.

FOOD AND DRUG ADMINISTRATION,
*et al.*,

                *Defendants*.

No. 24-cv-484-JDB

**HEARING REQUESTED**

**PLAINTIFF UNITED THERAPEUTICS CORPORATION'S
MOTION FOR A TEMPORARY RESTRAINING ORDER
AND/OR PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 65, Plaintiff United Therapeutics Corporation (UTC) respectfully moves this Court for a preliminary injunction enjoining the U.S. Food and Drug Administration (FDA) from finally approving the section 505(b)(2) application of Liquidia Technologies, Inc. (Liquidia) for treprostinil (NDA No. 213005) to the extent final approval extends to the treatment of pulmonary hypertension associated with interstitial lung disease (PH-ILD).  UTC seeks an order enjoining such final approval until such time as the Court can adjudicate UTC's claim on the merits.  To the extent the Court is unable to issue an order on UTC's motion for preliminary injunction on or before March 31, 2024, UTC further requests that the Court issue a temporary restraining order enjoining final approval as described above until such time as the Court issues an order on the request for preliminary injunctive relief.

1

FDA's decision to accept Liquidia's amendment to seek approval of the PH-ILD indication is contrary to the FDA's longstanding "Bundling Rule," the Federal Food Drug and Cosmetic Act, and FDA regulations, and it should be set aside under the Administrative Procedure Act, as further explained in the accompanying memorandum in support.  A temporary restraining order and/or preliminary injunction is warranted to prevent irreparable harm to UTC.  As a direct result of FDA's violation of the Bundling Rule, the agency concluded that Liquidia's paragraph IV certification on patents listed by UTC in the compendium called "*Approved Drug Products with Therapeutic Equivalence Evaluations*," more commonly known as the "Orange Book," did not trigger an automatic 30-month stay on the final approval of Liquidia's application.  If FDA had followed the Bundling Rule and required Liquidia to submit a new 505(b)(2) application for the PH-ILD indication, then the automatic-stay provision would apply, allowing UTC to assert its patents and prove infringement before final approval of Liquidia's application to market a treprostinil product to treat PH-ILD alters the market irrevocably.  But because of FDA's decisions to accept Liquidia's amended 505(b)(2) application and to find the statutory automatic-stay provision inapplicable, FDA may grant final approval on that application after March 31, 2024, when an independent regulatory exclusivity held by UTC expires.  Preliminary injunctive relief would serve the public interest by ensuring the framework Congress created for the pre-approval adjudication of patent disputes is followed.

This motion is supported by the attached memorandum, the declarations of Frederic Selck, Ph.D. and Brian Burgess, and the accompanying exhibits.  A proposed order is attached.

UTC requests, pursuant to LCvR 65.1(d) and for the reasons more fully set out in its supporting memorandum, that the Court schedule a hearing on this application as soon as possible after the filing of this application to avoid severe irreparable harm.  As explained in the

concurrently filed Joint Motion for Scheduling Order, UTC requests that the Court schedule oral argument the week of March 25, 2024, providing sufficient time for the Court to issue an order on or before March 31, 2024.  UTC further asks the Court to issue an order on the motion for preliminary injunction on or before March 31, 2024.  If the Court is unable to do so, UTC requests that the Court grant a temporary restraining order until it rules on the motion for preliminary injunction.

Because the requested preliminary injunction, which would be entered against FDA and the other federal defendants, presents no risk of monetary damage to those parties, no bond is necessary pursuant to Rule 65(c) of the Federal Rules of Civil Procedure. If the Court were to disagree with that submission, UTC will post a bond in an amount to be determined by the Court.

Pursuant to LCvR 7(m), counsel certifies that, on March 1, 2024, counsel for UTC conferred with counsel for FDA regarding the relief sought in this motion.  Counsel for FDA informed counsel for UTC that FDA opposes this motion.  Counsel for FDA further stated that it could not make any representation to UTC regarding the timing of approval for Liquidia's NDA, making the filing of this motion necessary.

March 4, 2024

Shaun R. Snader (D.C. Bar No. 492231)
UNITED THERAPEUTICS CORPORATION
1735 Connecticut Ave. NW, 2nd Floor
Washington, DC 20009
(202) 304-1701

Douglas Carsten (*pro hac vice* forthcoming)
Art Dykhuis (*pro hac vice* forthcoming)
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92615
(949) 851-0633

Adam W. Burrowbridge (D.C. Bar No. 1001783: admission application pending)
Paul Hughes (D.C. Bar No. 997235)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8797

Respectfully submitted.

 /s/ *Brian T. Burgess*
William C. Jackson (D.C. Bar. No. 475200)
William M. Jay (D.C. Bar No. 480185)
Brian T. Burgess (D.C. Bar No. 1020915)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
(202) 346-4000

Gerard J. Cedrone (D.D.C. Bar No. MA0019)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

*Counsel for United Therapeutics Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

/s/ Brian T. Burgess

Brian T. Burgess (D.C. Bar No. 1020915)