UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED THERAPEUTICS
CORPORATION,

                  *Plaintiff*,

    v.

FOOD AND DRUG ADMINISTRATION,
*et al.*,

                  *Defendants*,

and

LIQUIDIA TECHNOLOGIES, INC.,

                  *Defendant-Intervenor.*

No. 24-cv-484-JDB

**[PROPOSED] PROTECTIVE ORDER**

      WHEREAS, Defendants Food and Drug Administration, Robert M. Califf, M.D., in his official capacity as Commissioner of Food and Drugs, U.S. Department of Health and Human Services, Xavier Becerra, in his official capacity as Secretary of Health and Human Services (together, "Federal Defendants"), have a statutory or regulatory obligation to protect certain confidential information pursuant to the Trade Secrets Act, 18 U.S.C. § 1905; the Privacy Act, 5 U.S.C. § 552a; the Federal Food, Drug, and Cosmetic Act ("FDCA"); and certain FDA regulations; and

      WHEREAS Plaintiff United Therapeutics Corporation and Defendant-Intervenor Liquidia Technologies, anticipate needing to exchange trade secrets or other highly confidential research, development, or commercial information in connection with the pending motion for preliminary injunction; and

1

WHEREAS the U.S. Food and Drug Administration's ("FDA") administrative record ("Administrative Record") in this action may also contain trade secrets or other highly confidential research, development, or commercial information; and

WHEREAS, the Parties agree that disclosure of such Highly Confidential Information should be limited to outside counsel only because further disclosure would create a substantial risk of serious harm that could not be avoided by less restrictive means; and

WHEREAS, the Parties having demonstrated good cause for the entry of a protective order limiting the disclosure of such information, the Court hereby GRANTS the Joint Motion for Protective Order, and orders as follows:

1. For purposes of the Protective Order, the term "Highly Confidential Information" means:

    a. any and all trade secrets, commercial, technical, manufacturing, financial, or other information that is not publicly known or able to be derived from public sources, and which is reasonably claimed as confidential information by (i) the parties, their affiliates or consultants; and/or (ii) non-parties, their affiliates and consultants,

    b. information subject to the Privacy Act, which limits disclosure of certain personal private information, and

    c. records, documents, or information exempted from disclosure pursuant to 5 U.S.C. § 552(b),

in the Administrative Record in the above-captioned case, and/or submitted by a party in declarations submitted in support of a motion or other briefing. Nothing in this Protective Order shall be construed to limit the authority of the United States to undertake any action pursuant to applicable law or regulation.

2. Documents that are part of the Administrative Record will be marked "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" on every page and provided to Plaintiff's and Intervenor-Defendant's outside counsel with Highly Confidential Information unredacted. Plaintiff's and Intervenor-Defendant's outside counsel shall treat the Highly Confidential Information contained in such documents as Highly Confidential as provided herein, subject to the procedures for filing documents with the Court provided in paragraph 3 and to the procedures for removing a confidential designation of particular documents provided in paragraph 5.

3. No documents containing, referring to, or otherwise disclosing Highly Confidential Information shall be publicly filed with the Court. Documents containing Highly Confidential Information may be submitted to the Court under seal in accordance with LCvR 5.1(h) of this Court's local rules. Counsel for the filing party shall be responsible for serving a copy of all sealed documents on all other counsel of record. The other parties shall then have seven days from the date such documents are filed under seal to notify the filing party of any Highly Confidential Information they believe to be contained in such documents. Two business days after such deadline, the filing party shall file a public version of the document with the Highly Confidential Information redacted from public view. In addition, the joint appendix required by LCvR 7(n) of this Court's local rules may be filed under seal in accordance with LCvR 5.1(h) in unredacted form for the Court's review.

4. Except as otherwise ordered herein, Highly Confidential Information shall be maintained in strict confidence by outside counsel. Highly Confidential Information shall not be used by counsel for any purpose other than the prosecution of this action. Highly Confidential Information will not be furnished, shown, or disclosed to any person except:

    a.    U.S. Department of Health and Human Services employees, agents, or attorneys, including those of FDA;

    b.    U.S. Department of Justice attorneys assigned to this case, as well as those attorneys' supervisor(s) and supporting personnel, including paralegals, IT personnel, and secretarial and clerical personnel;

    c.    Attorneys at the law firms for counsel of record in this action, as well as their supporting personnel and contract vendors, including but not limited to paralegals, clerks, secretaries, IT personnel, copy vendors, and clerical personnel;

    d.    Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending or qualified court reporters;

    e.    Any other person authorized to receive Highly Confidential Information by order of the Court or by written agreement of the parties; and

Except as provided in this paragraph, under no circumstances may the Highly Confidential Information be made available to any other person or entity without a specific court order or upon written agreement of the parties. Notwithstanding the foregoing, any party may, on an information-by-information basis, self-authorize without restriction the disclosure to its own personnel or agents of documents that are confidential solely because they contain that party's own confidential information.

    5.    In the event that a party opposes a confidential designation of a particular document or documents within the Administrative Record, that party must provide written notice to all other parties. The FDA will review the confidential designation and confer with the party to whom the confidential information belongs. Within seven days, and after such consultation, the FDA will remove the designation, remove the designation subject to the redaction of specific

information within the document(s), or stand on the designation. If the parties are unable to informally resolve any dispute regarding a confidential designation or the scope of the information that must be redacted in order to remove a confidential designation, any party may seek intervention by the Court to determine whether such documents or information are entitled to protection. The information shall be treated as Highly Confidential Information pending a ruling by the Court.

6. In the event that a party opposes a confidential designation of a particular document or documents submitted by a party that is not within the Administrative Record, the parties will first attempt to informally resolve any dispute regarding a confidential designation or the scope of the information that must be redacted in order to remove a confidential designation. If the parties are unable to informally resolve any such dispute, any party may seek intervention by the Court to determine whether such documents or information are entitled to protection. The information shall be treated as Highly Confidential Information pending a ruling by the Court.

7. Before disclosing Highly Confidential Information to any persons identified in paragraph 4(e) above, counsel shall require such persons to read a copy of the Order and sign a copy of the Confidentiality Agreement, in the form attached hereto as Exhibit 1, affirming that the recipient: (a) has read this Order and understands all of its terms; (b) agrees to abide by and to be bound by the terms of this Order; (c) agrees to submit to the Court's jurisdiction, for purposes of enforcement of this Order by proceedings for contempt and/or proceedings for legal and/or equitable relief, including damages, for a breach thereof. Counsel shall retain such Confidentiality Agreement until such time as the litigation, including all appeals, is concluded and counsel has retrieved all Highly Confidential Information from the recipient pursuant to paragraph 9 below. Counsel for Plaintiff and Intervenor-Defendant shall be responsible for

providing a copy of this Order to all persons entitled to access Highly Confidential Information under paragraph 4(e), and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated.

8. The inadvertent or unintended disclosure of Highly Confidential Information shall not be deemed a waiver in whole or in part of the claim of confidentiality for any Highly Confidential Information.

9. If a party intends to offer Highly Confidential Information at any court proceeding, the party must provide written notice to counsel for all parties at least 3 days before the Court proceeding so that appropriate measures may be taken to secure the courtroom. Any party may move the Court for an order that the information be received in camera or under other conditions to prevent unauthorized disclosure.

10. Within 60 days after the final conclusion of all aspects of this litigation, documents designated as Highly Confidential Information shall be returned to counsel for the party or person who designated the information as Highly Confidential Information, or destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to the producing party not more than 60 days after final termination of this litigation. Counsel, including any person who obtained access to Highly Confidential Information pursuant to this Order, shall be barred from disclosing such information thereafter. Notwithstanding the above, counsel of record for each party may retain archival copies of all confidential pleadings, motion papers, exhibits thereto, joint appendices filed with the Court, the Administrative Record, documents produced in support of expert declarations, transcripts or other records of court proceedings, legal memoranda, correspondence, and work product. The

terms of this Protective Order shall continue to apply to any such information retained by any party.

11. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and, in the course thereof, relying generally on analysis performed based on any Highly Confidential Information; provided, however, in accordance with paragraph 4 herein, that in rendering such advice and otherwise communicating with such clients, counsel shall not disclose the Highly Confidential Information except as permitted under paragraph 4(e). For the avoidance of doubt, no party shall seek to disqualify any attorney or law firm or any in-house counsel designated under paragraph 4(e) from representing their clients in any proceeding or with respect to any matter, including but not limited to providing advice on patent applications and related matters, on the ground that such attorney, law firm, or in-house counsel received Highly Confidential Information subject to this Protective Order.

12. The provisions of this Protective Order shall take effect immediately.

13. This Protective Order shall survive the termination of the case and is binding on all parties until further order of the Court.

14. The provisions of this Protective Order may be modified at any time by the Court, upon its own motion or the motion of any party.

To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

SO ORDERED, this ___th day of March, 2024

_____
John D. Bates
U.S. District Court Judge

**STIPULATED AND AGREED**:

Dated: March 18, 2024

*For the Federal Defendants:*

/s/ Noah T. Katzen (by permission)
Noah T. Katzen (D.C. Bar No. 1006053)
Samuel Ballingrud
(D.D.C. Bar ID: CO00116)
(CO Bar No. 52077)
Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
(202) 305-2428
(202) 514-8742 (fax)


*For Liquidia Technologies, Inc.:*

/s/ Bryan Killian (by permission)
Bryan Killian (D.C. Bar No. 989803)
David B. Salmons (D.C. Bar No. 476299)
MORGAN, LEWIS, & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 373-6191
(202) 739-3001

*For United Therapeutics Corporation:*

/s/ William C. Jackson
William C. Jackson (D.C. Bar. No. 475200)
William M. Jay (D.C. Bar No. 480185)
Brian T. Burgess (D.C. Bar No. 1020915)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
(202) 346-4000

Shaun R. Snader (D.C. Bar No. 492231)
UNITED THERAPEUTICS CORPORATION
1735 Connecticut Ave. NW, 2nd Floor
Washington, DC 20009
(202) 304-1701

Douglas Carsten (*pro hac vice*)
Art Dykhuis (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92615
(949) 851-0633

Adam W. Burrowbridge (D.C. Bar No.
    1001783: admission application pending)
Paul Hughes (D.C. Bar No. 997235)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8797

Gerard J. Cedrone (D.D.C. Bar No. MA0019)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
(617) 570-1000

**NAME AND ADDRESS OF PARTIES ENTITLED TO BE NOTIFIED OF THIS ORDER:**

U.S. FOOD AND DRUG ADMINISTRATION, ROBERT M. CALIFF, M.D., in his official capacity as COMMISSIONER OF FOOD AND DRUGS, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, XAVIER BECERRA, in his official capacity as SECRETARY OF HEALTH AND HUMAN SERVICES:

> **Noah T. Katzen**
> U.S. DEPARTMENT OF JUSTICE
> 450 5th St., N.W.
> Washington, DC 20530
> (202) 305-2428
> Email: noah.t.katzen@usdoj.gov
>
> **Samuel Ballingrud**
> U.S. DEPARTMENT OF JUSTICE
> 450 5th St., N.W.
> Washington, DC 20530
> (202) 616-0519
> Email: samuel.b.ballingrud@usdoj.gov

LIQUIDIA TECHNOLOGIES, INC.

> **Bryan M. Killian**
> MORGAN, LEWIS & BOCKIUS LLP
> 1111 Pennsylvania Avenue, NW
> Washington, DC 20004-2541
> 202-739-3000
> Fax: 202-739-3001
> Email: bryan.killian@morganlewis.com
>
> **David B. Salmons**
> MORGAN, LEWIS & BOCKIUS LLP
> 1111 Pennsylvania Avenue, NW
> Washington, DC 20004
> 202-739-3000
> Fax: 202-739-3001
> Email: david.salmons@morganlewis.com